IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER C. RUSSELL,

      Petitioner,                    No. CIV S-10-2137 MCE EFB P

     vs.

ROCHELLE HAO,

      Respondent.              ORDER

                              /

       Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254.

       Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted, and the findings and recommendations filed on September 30, 2010 are vacated. *See* 28 U.S.C. § 1915(a).

       A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

////

1

An application for federal habeas relief must be signed under penalty of perjury, by the petitioner or by a person authorized to sign it for the petitioner. Rule 2(c)(5), Rules Governing Section § 2254 Cases. Petitioner's application is not signed. *See* Dckt. No. 1. Additionally, the court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. L.R. 190(b); *see also* Rule 2(c)-(d), Rules Governing Section § 2254 Cases.

A petitioner seeking a writ of habeas corpus must also name as respondent the person having custody over him. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases. This person ordinarily is the warden of the facility where petitioner is confined. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner names as respondent "Rochelle Hao (the people)," who does not have custody over petitioner. Petitioner has not named the proper respondent.

Finally, it appears on the face of the petition that petitioner has failed to exhaust state judicial remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, it appears as though petitioner has failed to exhaust state judicial remedies. He indicates that he did not appeal his conviction, and when asked, "Other than appeals, have you previously filed any petitions, applications or motions with

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

respect to this conviction in any court, state or federal," petitioner checked the "No" box. Petition, Dckt. No. 1 at 4.  Thus, it appears that petitioner's claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. The September 30, 2010 findings and recommendations are vacated.

3. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order.  In addition to using the proper form and signing the petition, petitioner must name the proper respondent and must also demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available.  The petition must bear the docket number assigned to this action and be styled, "First Amended Petition."  The petition must also be complete in itself without reference to any prior petition.

4. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE