IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER C. RUSSELL,

       Petitioner,                    No. CIV S-10-2137 MCE EFB P

    vs.

ROCHELLE HAO,

       Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Before the court are petitioner's responses to the court's January 13, 2011, order directing petitioner to file an amended petition that (1) is signed, (2) is filed on the proper form, (3) names the proper respondent, and (4) demonstrates that he has presented his claims to the California Supreme Court or that state remedies are no longer available. *See* Dckt. Nos. 14, 15, 16. In the January 13, 2011 order, the court warned petitioner that his failure to comply with the order would result in a recommendation that this action be dismissed. Dckt. No. 14.

       In his responses, which were not filed on the proper form, and do not name any respondent, petitioner states that he has filed his federal petition too soon, and that he is still

1

appealing his conviction in state court. Based on petitioner's responses, it appears that he has not presented his claims to the California Supreme Court. *See* Dckt. Nos. 15, 16. Therefore, for the reasons explained below and in the January 13, 2011 order, this action must be dismissed without prejudice. In the January 13, 2011, order, the court explained the exhaustion requirement. In particular, the court explained that a federal habeas petitioner must have presented to the state's highest court the same claims he asserts as grounds for federal habeas relief and that if exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). Here, petitioner fails to show, as directed by the court, that he has exhausted his state remedies or that they are no longer available. Additionally, a search of the California Supreme Court's website reveals that petitioner has not filed any actions in that court.[1] Petitioner has therefore failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies and that the Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations together with the copy of the petition filed on July 19, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 8, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE